Argued November 21, 1978, affirmed January 15, 1979

HILL, *Respondent,*
*v.*
KNAPPA WATER ASSOCIATION, *Appellant.*
(No. CC 78-91, CA 11406)

589 P2d 742

Nicholas D. Zafiratos, Astoria, argued the cause for appellant. With him on the brief was Zafiratos & Roman, Astoria.

Jerry K. McCallister, Astoria, argued the cause for respondent. On the brief was Jeanyse R. Snow, Astoria.

Before Schwab, Chief Judge, Lee, Richardson and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Appellant Knappa Water Association[1] appeals an order granting plaintiff a summary judgment and injunctive relief in his suit challenging certain amendments to the association's by-laws. Plaintiff has been a member of the association since sometime prior to January, 1978. Under the association's by-laws up to that date, he was entitled to receive all the water necessary for the commercial needs of his trailer park through a single service line with a single meter for a single minimum monthly fee plus per-gallon charges. *See Barendse v. Knappa Water Assn.,* 260 Or 356, 490 P2d 990 (1971). In January, 1978, appellant's by-laws were amended in several respects, one effect of which was to require separate service lines, meters and minimum monthly fees

> "for each dwelling, store or for each unit in a multiple unit complex or building and for each pad in a mobile home or trailer court or for each separate business or tenant within a shopping mall or other multi-business establishment."

In practical effect the amendments meant an increase in plaintiff's minimum monthly charges for his 51-unit mobile home park from $9.50 to $484.50. In addition, he would have to pay for the installation of the new service lines and meters. Plaintiff alleged that

> "[t]he Board of Directors has let it be known that if these amendments are found null and void they will keep trying different amendments in an effort to charge the minimum fee for each occupied space in my mobile home park."

---

[1] The record does not indicate the precise legal character of the association. In *Barendse v. Knappa Water Assn.,* 260 Or 356, 490 P2d 990 (1971), the court noted that the association

> "is not a water district or other form of municipal corporation. On the contrary, it is a private cooperative association organized under the laws of Oregon."

Presumably, the laws to which the court referred were ORS ch 62, Cooperatives. The association does not attempt to rely on any provision of that chapter in this matter.

Appellant's by-laws provide:

"These By-Laws may be repealed or amended by a vote of a majority of the members present at any regular meeting of the association, or at any special meeting of the association called for that purpose, except that the members shall not have the power * * * to deprive any member of rights and privileges then existing, or so to amend the By-Laws as to effect a fundamental change in the policies of the association * * *."

The trial court granted plaintiff's motion for summary judgment, declaring that the amendments were void because they would deprive him of the substantial right to receive all the water necessary for his commercial needs through a single service line with a single meter for a single minimum fee. The court also ordered the association

"to cease and desist from any future amendments which would attempt to deprive [plaintiff] of his substantial right * * *."

The parties agree that there are no issues of material fact to be resolved. The only question is the court's legal ruling on the validity of the amendments. The court did not make clear whether its decision was based on the quoted limitation imposed in the by-laws or on the analogous common-law principle that by-law amendments must not interfere with vested contractual rights of members. *See McConnell v. Owyhee Ditch Co.,* 132 Or 128, 283 P 755 (1930). Because we find the amendent-limiting by-law provision conclusive, we do not reach the issue of the common-law limitation.

The appellant argues that it was entitled to summary judgment because "the changes which are being contested * * * are not the kind of privileges and rights to which the By-Laws refer * * *." That conclusory assertion is unsupported; appellant has suggested no basis for a narrowing construction of the by-law provision quoted above. The unavoidable conclusion is that the challenged amendments to the by-laws would have deprived plaintiff of an existing

right or privilege in contravention of contractual rights vested in him by those by-laws.[2]

Affirmed.

***

[2]The sole assignment of error is directed at the court's ruling that the amendments affected a substantial right of the plaintiff. The association does not separately challenge the granting of injunctive relief.